**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RINGNECK, INC.,

    Plaintiff,

vs.                                                      Case No. 3:08-cv-261-J-32JRK

JAMES R. BUCK,

    Defendant.
_____

## **ORDER**[1]

This case is before the Court on Plaintiff Ringneck, Inc.'s (Ringneck) Motion for Summary Judgment (Doc. 26), Defendant James R. Buck's (Buck) responses (Docs. 29, 43), Buck's Motion to Dismiss Complaint (Doc. 40), and Ringneck's Response in Opposition to Defendant's Motion to Dismiss Complaint (Doc. 42). The Court held a hearing in this matter on July 15, 2009, the record of which is incorporated by reference.

**I. Legal Standard**

Buck's Motion to Dismiss Complaint is accompanied by two items of evidentiary material labeled as Exhibit A and Exhibit B. (Doc. 40 Ex. "A" and Ex. "B"). Under Rule 12(d) of the Federal Rules of Civil Procedure, if, on a motion under Rule

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(d). Additionally, Buck answered the Complaint on April 11, 2008 and given the production of evidence both sides rely on, the Court will construe Buck's Motion to Dismiss Complaint as a cross motion for summary judgment.

Summary judgment may be granted only when there are no genuine issues of material fact and judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A]ll evidence and factual inferences reasonably drawn from the evidence [are viewed] in the light most favorable to [the party opposing the motion]." Castleberry v. Goldome Credit Corp., 408 F.3d 773, 785 (11th Cir. 2005) (citations omitted). The mere fact that both parties move for summary judgment does not warrant grant of either motion if the record reflects a genuine issue of fact. Hindes v. United States, 326 F.2d 150, 152 (5th Cir. 1964).[2]

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

2

The Court finds that there are material issues of fact and law regarding the circumstances of the transactions at issue, precluding Ringneck from obtaining summary judgment. Moreover, one of defendant Buck's defenses to liability under the Note and his personal guaranty is that the Note has been fully paid off; thus he has no liability. (Doc. 9 at 4 ¶ 3; Doc. 29 at 3) The Court finds that there is a dispute of material fact on this defense precluding summary judgment for either party.

Although Ringneck has moved for summary judgment, it has failed to address the numerous affirmative defenses that Buck has asserted. (See Doc. 9 at 2-7) While discussion of the affirmative defense of payment dominated the hearing, Buck continued to assert other affirmative defenses such as misrepresentation and failure of consideration that he set forth in his filings with the Court. As Ringneck has not specifically addressed Buck's other affirmative, non-payment related defenses, the Court is unable to determine, at this time, whether genuine issues of material fact exist as to those defenses. As requested by Ringneck, the Court will give Ringneck an opportunity to seek summary judgment on those other defenses if it has grounds to do so. Accordingly, it is hereby:

**ORDERED:**

1. Defendant Buck's Motion to Dismiss Complaint (Doc. 40), which the Court has converted into and treated as a cross motion for summary judgment, is **DENIED**.

2. Plaintiff Ringneck, Inc.'s Motion for Summary Judgment (Doc. 26) is **DENIED**.

3. No later than **August 24, 2009** Ringneck may file a motion for summary judgment limited to addressing Buck's affirmative defenses other than payment. No later than **September 14, 2009**, Buck may file a response to Ringneck's motion for summary judgment.

4. Following ruling on the summary judgment motion, the Court will set this case for a jury trial. The current pretrial and trial dates are **VACATED**.

5. The parties are strongly encouraged to resume settlement talks with Judge Klindt. No later than **August 24, 2009** each party should file a statement as to whether they are willing to do so.

**DONE AND ORDERED** at Jacksonville, Florida, this 30th day of July, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

smm.
Copies to:

Honorable James R. Klindt
United States Magistrate Judge

Counsel of Record
Pro Se parties

4